**A. P. SHOWS**

v.

**UNITED STATES.**

**Civ. A. No. 1274(E).**

United States District Court
S. D. Mississippi.

July 13, 1965.

Ward & Mestayer, Meridian, Miss., for plaintiffs.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., for defendants.

WILLIAM HAROLD COX, Chief Judge.

This suit is for the recovery of excise taxes in the amount of one hundred thirty-eight dollars fourteen cents plus interest from October 1, 1955, through March 31, 1963. The case involves a proper application of § 4241, Internal Revenue Code 1942 involving an excise tax of 20% upon dues or membership fees of a sporting club. The taxpayer and his associates formed the Dollar Lake Club in 1956. One of its purposes was to own and operate the fishing and hunting club. An objective of the club as stated in its constitution was for the promotion of healthful recreation and fellowship among its members and guests. The club purchased approximately seventy acres of land for twelve thousand five hundred dollars on which was constructed a forty acre lake with an easement access thereto. The land was platted in 1957 when the members drew their lake frontage lots on which they were to have ninety-nine year leases, but no leases were executed and deeds were later made. Much is said and contended for the effect of most of the money derived by assessment being used for capital improvements; and the method and manner of reporting such assessments to the collector.

■ The club does not afford much entertainment probably because other members like the taxpayer are not interested much in fishing or hunting. The test as to the existence or not of a club does not turn upon whether or not the member receives value for his dues. The facility for a club is this lake which is a material part of its purpose and activities which bring this club within the ambit of this act. Lake of the Forest Club v. United States, (10CA) 137 F.2d 843. That is in accordance with 26 C.F.R. § 49.4241–1.

■ It is clear to this Court from any view of the evidence and the inferences therefrom in this case that this Dollar Lake Club was a sporting club as it was designed and intended to be and that its dues paying members were liable for this tax during the period in suit. Surely, it was furtherest from the minds of these people under such circumstances to form a business development corporation as contended, though that function was within its corporate powers. The complaint is without merit and will be dismissed at plaintiff's cost. An order accordingly may be presented.